Anthony Oliver, Plaintiff Pro Se
1153 North Liberty Street
Nicholls, Georgia 31554
Telephone: (818) 642-2027
Facsimile: (912) 330-5860
E: Anthony.oliver222201@gmail.com

Attorneys for Plaintiff,
ANTHONY OLIVER

FILED
Sep 18 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ RC DEPUTY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

ANTHONY OLIVER,

Plaintiff,

vs.

RIVER CITY PROCESS SERVICE, Inc., a California Corporation; BY THE BOOK ATTORNEY SERVICE, INC., a California Corporation; ADVANCED ATTORNEY SERVICES, Inc., a California Corporation; and DOES 1-10.

Defendants.

Case No.: '23CV1739 DMS KSC

COMPLAINT FOR CIVIL RIGHTS, DAMAGES, DECLARATORY, PERMANENT, AND INJUNCTIVE RELIEF

1. 42 U.S.C. § 1983 - First Amendment Right to Petition

2. 42 U.S.C. § 1983 - Due Process Violations

3. Negligence Under State Law

4. California Business & Professions Code § 17200

## I. INTRODUCTION AND GENERAL ALLEGATION

1. In today's new technology, one who seeks to petition the Court to seek redress for injuries, and damages, a person can file a civil lawsuit, or pleading from home, or an office without ever having to leave the office, or home by way of e-filing. Such technology allows a lawyer, or litigant to upload documents to a website, pay a fee for the service to the Court, or a authorized vendor, and the pleading and/or documents will be instantly filed. That's of course if you are not proceeding with a Court approved fee waiver.

2. Plaintiff Anthony Oliver filed a civil action in the San Diego County Superior Court, proceeding pro se, filed for a fee waiver, and was approd by a San Diego County Superior Court Judge. After the filing was placed on file with the Superior Court, Plaintiff discovered that he could e-file his documents with the Court through an authorized private company under contract with the San Diego County Superior Court. And so Plaintiff thought.

3. Plaintiff, with the assistance of a friend, and his significant other, tried to e-file documents on Plaintiff's behalf, and upon going to the websites of all of the private vendors to e-file, Plaintiff and his was informed that none of the Plaintiff's documents could be e-filed because the Plaintiff was proceeding to e-file using the fee waiver that San Diego County Superior Court Judge, the Honorable Enrique Camerena, Jr., ("JUDGE CAMERENA"), approved.

4. In another instance of trying to e-file, other vendors setup their e-filing website to where a person, or filer cannot select an option or click a button to inform the e-filing company that Plaintiff would be using a fee waiver to bypass having to pay the exuberant filing fees, and costs. In addition, all of the e-filing vendors required Plaintiff's significant other to register and setup an account prior to e-filing any documents. This process required Plaintiff and/or his significant other to enters valid credit card number.

5. Plaintiff and his colleagues spent hours trying to setup e-filing accounts in Plaintiffs name only to find out that none of the e-filing companies that the San Diego County Superior Court contracts with, will not in any way honor a fee waiver order. When Plaintiff contacted all of the e-filing vendors to inform them that Plaintiff had a valid fee waiver order (fw-3 order), and were denying Plaintiff access to the Courts, none of the e-filing vendors responded, or took action to correct their mistakes. Plaintiff also sent a letter to the e-filing vendors giving them an opportunity to fix the problems, but they have not. Plaintiff also informed the e-filing vendors that Plaintiffs due rights process rights cannot be violated. To date, none of the e-filing vendors repsonded to the Plaintiffs cease and desist letter, and the e-filing vendors continue their illegal business practice acts by not allowing litigants the benefit of e-filing just because they don't have money, or the high exuberant filing fees to pay the e-filing vendors their fees thus necessitating the instant lawsuit.

6. Plaintiff filed this action to seek damages, but most importantly, declaratory, and injunctive relief from the Defendants now, as well in the future so that pro se litigants and litigants with a valid fee waiver are not denied access to the Courts, and have his due process rights violated due to his inability to pay. Plaintiff also seeks an order from this Court enjoinging Defendant County of San Diego from continuing to have valid contracts with the e-filing vendors until they agree to stop their illegal business practices' acts. This action is brought independently under the California Constitution and California statutes incorporating those provisions directly or indirectly, as well as under the United States Constitution through 42 U.S.C. §1983.

## II. JURISDICTION AND VENUE

7. Plaintiff brings his present federal claims for relief under 42 U.S.C. § 1983. Accordingly, federal jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. Plaintiffs' state law claims are so related to his federal law claims that

they form part of the same case or controversy. Accordingly, supplemental jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367.

8. Plaintiffs' claims arise out of acts of the San Diego County Superior Court, in the County of San Diego, State of California. Accordingly, venue is proper within the Southern District of California pursuant to 28 U.S.C. §§ 1391 and 1402(b) as all of the injuries arose from this District.

## III. PARTIES

9. Plaintiff Anthony Oliver, ("Plaintiff"), is a resident of the State of Georgia, over the age of eighteen years old, and will be mentioned herein at all times. Plaintiff is permanently domiciled in the State of Georgia.

10. Defendant River City Process Service, Inc., (hereafter "RIVER CITY") is a California Corporation, existing under the laws of the State of California, and acting under the color of state law. Defendant RIVER CITY is sued pursuant to 42 U.S.C. § 1983.

11. Defendant By The Book Attorney Service, Inc., (hereafter "BY THE BOOK") is a California Corporation, existing under the laws of the State of California, and acting under the color of state law. Defendant BY THE BOOK is sued pursuant to 42 U.S.C. § 1983.

12. Defendant Advanced Attorney Services, Inc., (hereafter "ADVANCED") is a California Corporation, existing under the laws of the State of California, and acting under the color of state law. Defendant ADVANCED is sued pursuant to 42 U.S.C. § 1983.

13. Plaintiff is currently ignorant of the true name(s) and the capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictious names DOES 1 through 10, inclusive, and therefore, sues such civil Defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to allege the true names and capacities of said fictitiously named

Doe Defendants is legally responsible in some manner for the events and is also sued pursuant to California Code of Civil Procedure 474.

14. Plaintiff is informed and believes and thereon alleges that the Defendants, including the fictitious Doe Defendants, were at all times acting as actual agents, conspirators, ostensible agents, partners and/or joint ventures and their employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy, or enterprise, and with the express and/or implied permission, with all such knowledge, consent, authorization and ratification of their own co-Defendants however, each of these allegations are deemed alternative theories whenever not doing so would result in a contraction with the other allegations.

15. Whenever the Complaint refers to any act of the Defendants, the allegations shall be deemed to mean the act of those Defendants names in the particular cause of action, and each of them, acting individually, jointly and severally. Plaintiff believes and thereon alleges that Defendant County of San Diego is required to indemnify each of the e-filing Defendants in this action as apart of a written contract amongst the parties.

## V. COMMON FACTUAL ALLEGATIONS

16. On or about September 8, 2019, Plaintiff Anthony Oliver, ("Plaintiff"), filed a pro se civil complaint for to seek paternity of his then 15 year old son who resides with his grand mother in San Diego. After filing the petition, Plaintiff was immediately granted a fee waiver due to Plaintiff being injured at work, and was then on workmen's compensation.

17. relief in the San Diego County Superior Court, (hereafter "SDCSC"), to seek damages against four corporations that allowed a third-party person other the Plaintiff, to bail a person out of jail using Plaintiff's identity. In this case, Plaintiff filed for fee wiaver from the SDCSC to have the case filed, and to proceed without

the prepayment of the Court filing fees. San Diego County Superior Court Judge, The Honorable Enrique Camerena, Jr., (hereafter "JUDGE CAMERENA"), granted the Plaintiff's fee waiver request and the case proceeded on the merits. This case is still pending as of the date of this lawsuit.

18. Notwithstanding the fact that Plaintiff recently had contact with the corona virus, Plaintiff in an effort to protect court staff from contact, south assistance from friends, family and his significant other in filing his pro se court documents. Plaintiff, by and through his friends, family and significant other discovered that Plaintiff could e-file his documents in the SDCSC by way of selecting a e-filing vendor that the court approved contracts with to help lawyers, and litigants e-file documents as opposed to mailing their documents, or filing them in person.

19. On an unknown date and time to Plaintiff, upon information and belief, by and through the State of California, and the San Diego County Board of Supervisors, ("COUNTY OF SAN DIEGO"), entered into a written contract with over nine California corporations to provide exclusive power to these various attorney service companies to access the SDCSC court databases, and the e-filers money. Through these lucrative contracts, the e-filing Defendants charge a client exuberant fees to e-file the documents. In return, acting under the color of state authority, the e-filing vendors and Defendants remit a portion of the funds back to the SDCSC for its role of providing the e-filing vendors and Defendants access to the court databases. Acting under the color of state law, the SDCSC allowed the e-filing vendors and Defendants to obtain money from litigants, who then in turn, e-file documents for litigants. Upon information and belief, COUNTY OF SAN DIEGO gave exclusive power that allows the e-filing vendors and Defendants to deny a filing based on a persons, or litigants inability to pay so that both COUNTY and the e-filing vendors and Defendants could each reap the benefit of the revenue pouring in. Acting under the color of authority, once document or pleading is filed with the e-filing vendors and Defendants, the e-filing Defendants

then divide up the funds thereby transmitting funds to COUNTY OF SAN DIEGO and to themsleves to help expand the growth of their businesses. At all times relevant, Defendants was and still is, placed on notice that the denial of being able to e-file due to Plaintiff's inability to pay due to lack of funds violates Plaintiff's Fourteenth Amendment rights.

20. On or about April 2, 2023, Plaintiffs friends, family and his significant other went onto the SDCSC website and found that Plaintiff could e-file his court documents by way of selecting a approved vendor on the Superior Court's website. The list of approved vendors consisted on various California corporations identified as River City Process Service, Inc., (hereafter "RIVER CITY"), By The Book Attorney Service, Inc., (hereafter "BY THE BOOK"), and Advanced Attorney Services, Inc., (hereafter "ADVANCED or E-FILING Defendants").

21. That Same day, Plaintiff' went to each of the websites belonging to the E-FILING Defendants and upon review of the websites, Plaintiff and his significant other were instructed to setup and/or register for an account with each of the E-FILING Defendants' to permit Plaintiff, by and through his significant other, and friends, to e-file his documents. Plaintiffs signicant other went on each website, setup an account, and prepared to e-file Plaintiff's documents. The first step was that Plaintiffs significant other was required to upload the documents using a PDF format. The second step was to enter the case number. Then when it was time to e-file the Plaintiff's documents, the Plaintiffs significant other could not proceed with the filing due to the fact that plaintiff had a valid fee waiver on file. There was no option, or feature that allowed Plaintiff and his significant other to upload a copy of the fee waiver order.

22. Further, the Plaintiff's significant other was not allowed to advance to the next screen because Plaintiff was forced to enter a credit card number for payment to each of the E-FILING Defendants despite having a valid fee waiver on

file with the San Diego Superior Court.

23. Furthermore, Plaintiff's significant other repeated the same steps by going to each of the E-FILING Defendants websites in hopes that Plaintiffs significant other could find a vendor that would accept Plaintiffs documents and his fee waiver.

24. Plaintiff went to one website for Defendants RIVER CITY, and BY THE BOOK who advertised that thy would accept Plaintiffs documents with a fee waiver, but that was not true. Plaintiffs significant other spent two hours setting up an account only to find out that RIVER CITY, and BY THE BOOK does not accept fee waivers to waive the e-filing fee despite the fact that the SDCSC also advertises that when a litigant is authorized to proceed with prepayment of the filing fees, and granted a fee waiver status, that fee waiver also waives the vendor e-filing fees. At first blush, this sounded like a really great deal.

25. Likewise, Plaintiffn to another website operated by ADVANCED, setup an account, and tried to e-file Plaintiffs documents using his fee waiver, and to no avail, was not able to file Plaintiffs documents unless Plaintiff and/or his significant other paid $ 40.00 cash to ADVANCED.

26. In another go around, when Plaintiff went to the website for eac of the Defendants to try and e-file Plaintiffs documents using his fee waiver, and was when Plaintiffs significant other refused to enter a credit card number to pay for the e-filing service, he was instructed to call the phone number listed on their websites. There, Plaintiff spent hours on the phone and spoke to a customer service representative and the customer service representative informed Plaintiff that the E-FILING Defendants are not required to waive any e-filing fees for Plaintiff. Further, the customer service representative informed Plaintiffs significant other that the filing fee would be $ 45.00 dollars. When Plaintiff informed the Defendants that they were required to waive the e-filing fees, the customer service representatives informed Plaintiff that they had the authority to

deny Plaintiffs e-filing if using a fee waiver. Upon information and belief, Plaintiff believes and thereon alleges that COUNTY OF SAN DIEGO gave the E-FLING Defendants the authority to deny Plaintiffs e-filing based on his inability to pay the e-filing fees. None of the Defendants, RIVER CITY, BY THE BOOK, or ADVANCED allowed Plaintiff to e-file his documents.

27. Acting under the color of state law, Defendants RIVER CITY, BY THE BOOK, or ADVANCED knew and had reason to know that Plaintiffs First and Fourteenth Amendments to the United States Constitution would be violated, but the Defendants and each of them, still put in place a system to where the e-filing Defendants would refuse to file Plaintiffs documents unless he paid the exuberant filing fees.

28. On or about August 15, 2023, Plaintiff sent letters to Defendants RIVER CITY, BY THE BOOK, or ADVANCED to demand that they stop their illegal business practices acts, and for Defendant COUNTY to provide Plaintiff with a copy of the written contract [1] between COUNTY and the E-FILING Defendants, but with what came as no surprise to anyone, none of the Defendants responded to Plaintiffs letter, or provided Plaintiff with a copy of the contract between the COUNTY and the E-FILING Defendants.

29. On April 17, 2023 Plaintiff contacted the San Diego County Board of Sueprviors to request a copy of the contract between it and the Defendants inthis casse. There a COUNTY OF SAN DIEGO employee informed Plaintiff that the contract and/or agreement was not available for public review.

[1] One way to show that a private corporation is acting under the color of state law is to attach a copy of a contract between a public entity, and a private corporation to the complaint for damages. However, despite Plaintiffs request for a copy of the contract, none of the Defendants provided Plaintiff with a copy of the contract.

30. Further, Plaintiff was informed by the COUNTY OF SAN DIEGO employee that each of the Defendants all appeared at a meeting together with one another, and with Defendant COUNTY, and there, it was agreed upon that the Defendants RIVER CITY, BY THE BOOK, and ADVANCED would access to the SDCSC databeses that would allow them to file documents, and then remit a portion of the fees to both the State of California and COUNTY OF SAN DIEGO as part of their contract. Furthermore, the COUNTY employee asked why Plaintiff needed a copy of the contract, and when Plaintiff did not provide an explanation.

31. On August 20, 2023, Plaintiff sent another round of letters to each of the Defendants now informing them since they did not stop their civil rights violations, they are now facing litigation. None of the Defendants, nor the San Diego County Board of Supervisors responded to the Plaintiffs last letter.

32. At all times relevant to this action, Defendants RIVER CITY, BY THE BOOK, and ADVANCED were and still are, acting under the color of state law pursuant to 42 U.S.C. 1983.

33. As a direct result of the actions of the Defendants, and each of them, Plaintiffs rights guaranteed to him by the First and Fourteenth Amendments have been violated. The acts of the E-FILING Defendants were intentional, reckless and carried out with a complete disregard for the rights of the Plaintiff thereby entitling Plaintiff to an award of punitive damages pursuant to California Code of Civil Procedure § 3294 to make an example of them.

34. As a further and direct result of the actions of the Defendants and each of them, Plaintiff was and still is, being required to pay thousands of dollars in copies, postage, envelopes, notary and paper to file his documents in paper format. Had the E-FILING Defendants accepted Plaintiffs fee waiver, and allowed to e-file his documents, then Plaintiff would not have been required to pay money for paper copies and other money associated with filing by paper.

**FIRST CAUSE OF ACTION**

**42 U.S.C. § 1983 - First Amendment Right to Petition**

**Plaintiff v. All Defendants**

35. Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

36. Defendants and each of them, acting under the color of state law, unlawfully denied Plaintiff access to the petition the Courts by interfering with Plaintiff's rights to e-file his documents.

37. Defendants knew, and had reason to know that Plaintiffs rights to petition the Court could not be abridged due to Plaintiffs inability to pay the e-filing fees. Defendants and each of them, acting in concert, established an agreement that the e-filing Defendants would deny Plaintiff access to the Courts unless Plaintiff paid the exuberant filing fees, all of which was divided up amongst the Defendants.

38. Defendants and each of them, were and still are, acting under the color of authority pursuant to 42 U.S.C. § 1983.

39. As a result of the actions of the Defendants, and each of them, Plaintiff has sustained actual damages in the form of money for having to borrow money for filings.

40. The actions of e-filing Defendants justify an award of punitive damages to make an example of them.

**SECOND CAUSE OF ACTION**

**42 U.S.C. § 1983 - Fourteenth Amendment Due Process**

**Plaintiff v. All Defendants**

41. Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

42. Defendants, and each of them, admittedly denied Plaintiff access to the Courts, and to benefit from e-filing based on his inability to pay the e-filing fees to

the Defendants.

43. Acting under the color of authority, Defendants systematically denied Plaintiff his due process and first amendment rights because he has no money to pay the Defendants their exuberant e-filing fees that the Defendants share.

44. Defendants and each of them, knew and had reason to know that Plaintiffs due process rights guaranteed by Fourteenth Amendment to the United States Constitution would be violated, and they still carried out their violations anyways.

45. Defendants and each of them, were and still are, acting under the color of authority pursuant to 42 U.S.C. § 1983.

46. As a result of the actions of the Defendants, and each of them, Plaintiff has sustained actual damages in the form of money for filings.

47. The actions of e-filing Defendants justify an award of punitive damages to make an example of them.

**THIRD CAUSE OF ACTION**

**Negligence Under California State Law**

**Plaintiff v. All Defendants**

48. Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

49. The e-filing Defendants negligently and intentionally put in place a feature in their services, and on their websites, to ensure that Plaintiff, his friends, and family would not be able to upload, or e-file any court documents with a valid fee waiver unless the Plaintiff paid the high exuberant filing fees the Defendants set in motion.

50. The e-filing Defendants negligently interfered with Plaintiffs rights to e-file his documents with a valid fee waiver.

51. Plaintiff has been damaged in an amount to be determined at trial in this case.

## FOURTH CAUSE OF ACTION

## California Business & Professions Code §17200 *et seq.*,

## Plaintiff v. Defendant

52. Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

53. Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unlawful," "unfair" and "fraudulent" business practice.

54. Section 17200 specifically prohibits any "unlawful . . . business act or practice." Defendant has violated § 17200's prohibition against engaging in an unlawful act or practice by, inter alia, denying Plaintiff access to the Courts due to inability to pay, all of which is punishable and prohibited under both federal and California state laws.

55. Section 17200 also prohibits any "unfair . . .business act or practice." As described in the preceding paragraphs, Defendants engaged in the unfair business practice of interfering with Plaintiffs rights to e-file, access the Courts, benefit from a government program, other related causes of actions. The e-filing Defendants engaged in a scheme to split the proceeds from their illegal business practices acts with the County of San Diego thereby violating § 17200.

56. Section 17200 also prohibits any "unfair . . .business act or practice." As described in the preceding paragraphs, the e-filing Defendants engaged in the unfair business practice of assuming control of the e-filing business and operations and use these systems to deny Plaintiff the most basic fundamental rights related to activity related to accessing the Courts.

57. Defendants' business practices, as detailed above, are unethical, oppressive and unscrupulous, and they violate fundamental policies of this State. Further, any justifications for the e-filing Defendants' wrongful conduct are outweighed by the adverse effects of such conduct. Thus, the e-filing Defendants engaged in

unfair business practices prohibited by California Business & Professions Code § 17200 et seq.

58. Section 17200 also prohibits any "unfair, deceptive, untrue or misleading advertising." For the reasons set forth above, the e-filing Defendants engaged in unfair, deceptive, untrue and misleading advertising in violation of California Business & Professions Code §17200. The e-filing Defendants violated § 17200 when they misrepresented to Plaintiff and the public that the accept fee waivers in order to e-file.

59. Defendants' conduct caused and continues to cause substantial injury to Plaintiff to date. Plaintiff has suffered injury in fact and lost money as a result of Defendants' unfair conduct. Additionally, pursuant to California Business & Professions Code § 17203, Plaintiff seeks an order requiring Defendants to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendants to return the full amount of money improperly collected to all those who have paid him.

60. As such, Plaintiff requests that this Court order the e-filing Defendants to restore all money to Plaintiff, and to enjoin Defendants from continuing these unfair practices in violation of the UCL now, and in the future. Otherwise, Plaintiff, will be irreparably harmed and/or denied an effective and complete remedy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Anthony Oliver respectfully requests damages against each Defendant as follows:

1. General and special damages according to proof;

2. Temporary, preliminary and permanent injunctive relief prohibiting Defendants from continuing to engage in their unlawful practices complained of herein;

3. An award punitive damages pursuant to Cal. Civ. Code. P., 3294;

4. Order the e-filing Defendants to pay Plaintiff restitution in this case.

5. An order of this Court directing the Defendant to cease and desist in their illegal business practices acts;

6. An order enjoinong the Defendants from their continued illegal business practices acts;

7. A declaration from this Court that the Defendants violated Plaintiffs federal civil rights and various state laws;

8. All costs of suit pursuant to 28 U.S.C. § 1954(d) and California Code of Civil Procedure §1021.5, and whatever other statute or law may be applicable; and

9. Such other relief as this Court deems just and proper.

Respectfully submitted

Dated: September 10, 2023

By: ______________________

Anthony Oliver, Plaintiff Pro Se
1153 N. Liberty Street
Nicholls Georgia 31554
Telephone: (818) 642-2027
Anthony.oliver222201@gmail.com

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the United States Constitution, Plaintiff does and hereby respectfully requests a trial by jury on all issues so triable.

Respectfully submitted

Dated: September 10, 2023

By: ______________________

Anthony Oliver, Plaintiff Pro Se
1153 N. Liberty Street
Nicholls Georgia 31554
Telephone: (818) 642-2027
Anthony.oliver222201@gmail.com

- 16 -

PLAINTIFF'S COMPLAINT FOR CIVIL RIGHTS, DAMAGES, DECLARATORY, PERMANENT, AND INJUNCTIVE RELIEF

Dear Clerk of Court:

Please find enclosed a Summons, Complaint, and the Filing fee for a proposed Action called:

Anthony Oliver v. River City Process Service, Inc., et al.

Enclosed is the following:

1) Summons for Three Defendants;
2) Civil Case Cover Sheet;
3) Consent to Magistrate Judge;
4) Notice of Interested Parties;
5) Motion for leave to file through CM/ECF; And
6) Complaint for damages:

Also enclosed is the Court filing fee in the amount of $402.00. please conform the facepage and Summons and please return to me. I have a username and password for the cm/ecf database.

Thank you for your Service,