UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY OLIVER,<br><br>          Plaintiff,<br><br>v.<br><br>RIVER CITY PROCESS SERVICE, INC. et al.,<br><br>          Defendants. | Case No.: 23-cv-1739-DMS-DDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO FILE ELECTRONICALLY** |

  Presently before the Court is pro se Plaintiff Anthony Oliver's Motion to File Electronically through CM/ECF ("Motion"). (ECF No. 2.) For the following reasons, the Court **DENIES** Plaintiff's Motion.

  Generally, "[e]xcept as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System." Civ. L.R. 5.4(a). With respect to pro se litigants, however, "[u]nless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office . . . must be in legible, paper form." Office of the Clerk, United States District Court for the Southern District of California, *Electronic Case Filing Administrative Policies and Procedures Manual*, § 2(b) (2018). "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software

capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." *Id.* The manual refers to the Court's official web site for CM/ECF technical specifications, *id.* at § 1(i), which include "[s]oftware to convert documents from a word processor format to [PDF]," such as "Adobe Acrobat 7.0 and higher"; a "word processing program[ ]"; "Internet access supporting a transfer rate of 56kb or higher"; a compatible browser, such as Firefox 15, Internet Explorer 9, and Safari 5.1/6 or later version; and a "[s]canner to image non-computerized documents 400 pixels per inch (ppi)." United States District Court, Southern District of California, CM/ECF Information: General Info, https://www.casd.uscourts.gov/cmecf.aspx (last visited Sept. 26, 2023).

Here, Plaintiff does not demonstrate he has sufficient internet access, or access to a compatible browser. The Court therefore finds that Plaintiff has not provided sufficiently detailed information for the Court to determine he has access to adequate equipment and software. *See Weiss v. Equifax Info. Servs. LLC*, No. 22-cv-1098, 2022 WL 19334073, at *1 (S.D. Cal. Aug. 22, 2022) (denying plaintiff's motion to file electronically because plaintiff failed to specify he had access to sufficient equipment and software). Furthermore, the Court is aware Plaintiff is currently incarcerated at Coffee Correctional Facility. It is not clear to the Court if this Facility participates in prisoner e-filing. *See Morgan v. Dzurenda*, No. 14-cv-966, 2015 WL 728523, at *3 (D. Conn. Feb. 19, 2015) (denying leave to file documents electronically because the plaintiff "is not currently incarcerated at a facility that participates in the prisoner efiling program"). Therefore, the Court **DENIES** Plaintiff's Motion. Plaintiff must serve Defendants within 90 days after filing his Complaint, or this action will be dismissed pursuant to Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

Dated:  September 27, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court