Anthony Oliver, Plaintiff Pro Se
GDC # 1002060648
Rogers State Prison
1978 GA Highway 147
Reidsville, Georgia, 30453
Telephone: (818) 642-2027

*Anthony Oliver,*
*Appearing Pro Se*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY OLIVER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br><br>RIVER CITY PROCESS SERVICE, Inc., et al.,<br><br>　　　　Defendants. | Case No.: 23cv1739-DMS-KSC<br><br>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST BY THE BOOK ATTORNEY SERVICE, INC.; DECLARATION OF ANTHONY OLIVER; [Proposed Order]**<br><br>Date:<br>Time:<br>Courtroom:<br><br>Judge: Hon. Dana M. Sabraw<br>Action Filed: September 18, 2023<br>Trial Date: None Set |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST BY THE BOOK ATTORNEY SERVICE, INC.**

**PLEASE TAKE NOTICE** that as soon as this matter may be heard, before the Honorable Dana M. Sabraw in the United States District Court, for the Southern District of California located at 333 W. Broadway, San Diego, California, 92101, Plaintiff Anthony Oliver will move the Court for an order for default judgment against Defendant By The Book Attorney Service, Inc., for damages arising from the claims stated in Plaintiff's First Amended Complaint in the action in the amount of $ 2, 836. 91.

1  The Clerk of Court has previously entered default against By The Book Attorney Service, Inc., on December 14, 2023. ECF Dkt. # 12.

2  As se forth in the accompanying declaration of Plaintiff Anthony Oliver, Plaintiff presents proof of the following:

Defendant By The Book Attorney Service, Inc., is not an infant, incompetent, in military service or otherwise exempted from default judgment under the Service Members Civil Relief Act.

Defendant By The Book Attorney Service, Inc., has not participated in this action following its default. Defendant received copies of the Clerk's default notice by email, and United States mail. Despite being placed on notice, the Defendant By The Book Attorney Service, Inc., still did not appear in this case.

Plaintiff is entitled to judgment against By The Book Attorney Service, Inc., on all claims set forth in Plaintiff's First Amended Complaint. ECF Dkt. # 6.

The amount of judgment sought is in the amount of $ 2, 836. 91 and an award of punitive damages in the amount of $ 2, 500.00 as set forth in the declaration of Plaintiff. This Motion is based upon the entry of default against By The Book Attorney Service, Inc., the attached Memorandum of Points and Authorities, the concurrently filed declaration of Anthony Oliver, all pleadings and papers on file in this action, and such other and further evidence and argument which may be presented at the hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff Anthony Oliver, ("Plaintiff") brings this default judgement again Defendant By The Book Attorney Service, Inc., ("By The Book"), based on the claims set forth in Plaintiff's First Amended Complaint. (Dkt. # 6). Default was entered against By The Book on December 14, 2023. (Dkt. # 12). As discussed below, a default judgment in favor of Plaintiff against By The Book is justified in light of the substantive merits of Plaintiff's claims.

The sufficiency of Plaintiff's complaint, the amount of money at stake in this action, the possibility of prejudice to Plaintiff if relief is denied, the lack of any possible dispute with respect to any material fact in this case, the fact that By The Book's default did not result from excusable neglect, and its failure to participate in the action made it impossible for a decision on the merits against it in this case. Though Plaintiff sought several items of damage in his complaint, including costs, and punitive damages, Plaintiff is only seeking default judgment in recovery of the amount of funds for damages Defendant By The Book caused Plaintiff in the amount of $ 2, 836. 91. Accordingly, Plaintiff respectfully requests that default judgment be entered in his favor against By The Book Attorney Service, Inc., for damages sustained by Plaintiff for the filing of this case, efiling fees loaned to Plaintiff, the costs of litigation, and other related damages.

## II. BACKGROUND

### A. Defendant's Fraudulent Scheme

Plaintiff previously brought this lawsuit against each of the Defendant's in this action to contest their illegal business practices of denying litigants and Plaintiffs with a valid fee waiver to use their efiling systems to efile into any case pending in the San Diego County Superior Court. In this particular scheme, Defendant By The Book and its co-Defendants also force litigants and other parties to an action pending on the San Diego Superior Court, to pay the high end exuberant efiling fees despite knowing that the Plaintiff is entitled to have the efiling fee waived as part of the fee waiver order issued to Plaintiff and other litigants. Defendant By The Book, just like its co-Defendants, manipulated the State of California and/or the San Diego Superior Court Executive Order into giving By The Book access to its Court databases permitting it to allow litigants to efile while a portion of the exuberant efiling fee is remitted back to the San Diego Superior Court and/or the Superior Court of California.

As a result of being denied his rights to efile, Defendant By The Book violated Plaintiff's first amendment and due process rights because Plaintiff was entitled to efile at no cost. When a contract was put in place between By The Book and the Superior Court of California and/or the State of California, By The Book was given an order directing it to waive the efiling fee. This never occurred, and Plaintiff was injured.

Despite knowing that By The Book was required to waive the efiling fees for the Plaintiff, it did not thereby violating the agreement, and Plaintiffs federal civil rights. Prior to bringing this lawsuit, Plaintiff sent By The Book a cease and desist letter demanding it changes it's policies and procedures that allows all litigants with a valid fee waiver order to efile by way of waiving the $ 30.00 plus dollar filing fees. Neither Defendant By The Book or any other Defendant responded to Plaintiffs demand letters much less changed their policies and procedures. Plaintiff now seeks only a fraction of damages caused by the engineered scheme that By The Book Attorney Service, Inc, has put in place in the amount of $ 2, 836. 91 and an award of punitive damages for $ 2, 500.00.

### III. LEGAL STANDARD

In determining whether to grant a default judgment, a court may consider the following factors: (1) the possibility of prejudice to plaintiff if relief is denied; (2) the substantive merits of plaintiff's claim; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of dispute as to any material facts in the case; (6) whether default resulted from excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986). In considering these factors, all factual allegations in the Plaintiff's complaint are taken as true. Televideo Sys, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1997).

When damages are not ascertainable from the pleadings and the record, the Court may conduct a hearing to conduct a hearing to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence or investigate any other matter. Fed. R. Civ. P. 55(b)(2). When there is ample evidence in the record, no further evidentiary hearing is necessary. See James v. Frame, 6 F. 3d. 307, 310 (5th Cir. 1993)(upholding award of punitive damages and attorney's fees without evidentiary hearing).

### B. Defendant is liable to Plaintiff for damages

All of the Keitel factors favor entry of default judgment: (1) Plaintiff will be prejudiced if relief is denied because By The Book failed to participate in this action and, therefore, Plaintiff's only recourse is a default judgment against it; (2) and (3) as discussed below, Plaintiff's claims have merit and are sufficiently pled; (4) as set forth in the accompanying declaration, only $ 2, 836. 91 is at stake here, and while not significant, it is small and certain enough to make this matter appropriate for resolution by default judgment; (5) since the Clerk of the Court entered default against By The Book Attorney Service, Inc., on December 14, 2023 (Dkt. # 12) there can be no possibility of dispute as to any material facts in the case. Fair Hous. of Marin v. Combs, 285 F. 3d 899, 906 (9th Cir. 2002)(once the clerk of court enters default, all well-pleaded allegations regarding liability are taken as true); (6) there is no evidence the default resulted from excusable neglect; and (7) By the Book's failure to participate in this action has made it clear and impossible for a decision on the merits to be rendered by the Court. Below, Plaintiff highlights several of his claims in the complaint and why a default is appropriate.

Count One:    Violations of 42 U.S.C. § 1983 - First Amendment;
Count Two:    Violations of 42 U.S.C. § 1983 - First Amendment;
Count Three:  Violations of Negligence Under California Law
Count Four:   Violations of California Business & Professions Code § 17200;

1  At all times relevant herein, Plaintiff had a right to use to fee waiver status
2  to efile his documents without any intrusion by government officials, or officials
3  acting under the color of state law. To date, Defendant By The Book has been
4  removed from the San Diego County Superior Court efiling list of approved
5  vendors whereas only a few vendors are still on the efiling vendor list.
6  Further, despite given an opportunity to cure the problems as outlined in
7  Plaintiff's first amended complaint, it has not and has caused its own war pah to
8  destruction as By The Book is no longer authorized to transact business with the
9  Superior Court of California. Based upon the foregoing, a default judgement in
10 the amount of only $ 2, 836. 91 is warranted in this case, and an award of
11 punitive damages in the amount of $ 2,500 is completely justified.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that default judgment be entered in his favor against By The Book Attorney Service, Inc., for damages arising from the claims stated in Plaintiff's First Amended Complaint in this action in the amount of $ 2, 836. 91, and an award of $ 2, 500 in punitive damages.

Respectfully submitted,

Dated: March 26, 2024      By: _____
Anthony Oliver, (SBN TBD)
1978 GA Highway 147
Reidsville, Georgia 30453
Telephone: (818) 642-2027

Attorneys for Plaintiff,
Anthony Oliver

## DECLARATION OF ANTHONY OLIVER

I, Anthony Oliver state pursuant to 28 U.S.C. § 1746, the following:

1. I am the Plaintiff in the above, and titled action, and if called upon to testify, I would do so competently.

2. I make and file this declaration in support of the default judgment motion I had filed against By The Book Attorney Service, Inc.

3. On September 18, 2023 I commenced this action against Defendant By The Book Attorney Service, Inc. ECF Dkt. # 1.

4. After the summons was issued, I mailed Defendant By The Book Attorney Service, Inc., the summons, complaint, notices to waive service and a self-addressed stamped envelope to save costs by waiving service. I sent the documents by certified United States mail with a postal tracking number of: 7022-2410-0002-9431-4812.

5. Based on the address I found on the California Secretary of State website listed as 3637 Glendon Avenue, # 203, Los Angeles, California, 90034, it was determined that this is a apartment complex where people resides, and not any corporation. The documents were returned to me after I paid $ 14.67 for certified mail postage. In addition, I had to pay the Georgia Department of Corrections for copies at .50 cents a page for a total of 58 pages just for the complaint for damages. After the documents were returned, with the assistance of a retired attorney, we found three more addresses on the website purportedly belonging to Defendant By The Book Attorney Service, Inc.

6. I sent the original summons, complaint, waivers and SASE to each of these addresses, and also discovered that the addresses were not businesses, or offices, but rather they were addresses belonging to another residential apartment complex, and a fastfood restaurant. To date, these certified mail documents have not been returned to me. I paid a total of $ 93.81 for copies, $ 30.00 dollars for notary, $ 3.00 for manilla envelopes, and $ 48.23 for certified

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST BY THE BOOK ATTORNEY SERVICE, INC

mail postage. In addition, I contacted a private person to go back to the above address and ask for the registered agent on file with the California Secretary of State identified as Tamar Ravid, and she was personally served at the address listed above. The costs for service upon the Defendant was $ 130.00.

     8.    On December 2, 2023 the Defendant was served with the First Amended Complaint by United States mail thereby extending the date to which the Defendant must answer or otherwise file a response pleading, and that time had came and went. The total amount of money paid for copies, postage, manilla envelopes, and certified mail came to $ 98.16 that was added to my inmate true and deducted by the Georgia Department of Corrections which is now owed, and outstanding.

     9.    I had to borrow money to hire an attorney service company to file documents into a San Diego Superior Court case idenitifed as Anthony Oliver v. America San Miguel. This is a family law civil case to establish DNA testing of a minor child where it was determined that a child named Thomas SanMiguel is my son. The mother, America SanMiguel is currently deceased, and I filed an amendment seeking to add the childs grand mother, and current guardian who has temporary custody of my son as a party to the action by filing an amended petition for guardianship in the amount of $ 1, 246.00 dollars from California Attorney John Anderson. (ret.), to prosecute and defend this action. I paid an additional $ 208.50 for copies related to the entry of default, and copies of all documents mailed to all parties to this within action. The Defendant is also liable for the costs of the Court filing fee of $ 402.00.

     10.    I also purchased an inmate phone card in the amount of $ 75.00 dollars through the Georgia Department of Corrections inmate telephone vendor, Securus Technologies, Inc., to call and meet and confer with the owner of the Defendant, Ms. Tamar Ravid, and through various phone calls, she informed me that she would pay any judgment ordered by the Court.

11.     Lastly. Ms. Ravid also informed me that neither her company, or her had any type of professional insurance. Accordingly, I respectfully requests that the Court enter a default judgment in the amount of $ 2,836.91 and an award of punitive damages in the amount of $ 2,500 dollars for having to deal with the Defendant using false registered agent addresses with the California Secretary of State.

Respectfully submitted,

Dated: March 28, 2024        By: _____
Anthony Oliver, (SBN TBD)
1978 GA Highway 147
Reidsville, Georgia 30453
Telephone: (818) 642-2027

Attorneys for Plaintiff,
Anthony Oliver

## CERTIFICATE OF SERVICE

Pursuant to Federal Rules of Civil Procedure, Rule 5, and California Code of Civil Procedure 1013(a), copies of this document **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST BY THE BOOK ATTORNEY SERVICE, INC.**, will be served upon all parties via the Court's CM/ECF program, and copies mailed to:

By The Book Attorney Service, Inc.
Attn: Tamar Ravid
3637 Glendon Avenue, Apt. # 203
Los Angeles, CA, 90034

River City Process Service, Inc.
8801 Folsom Blvd, # 165
Sacramento, CA, 95826

California Court Service, LLC.
17008 Orozco Street
Granada Hills, California, 91344

CountryWide Process, LLC.
455 North Moss Street, # 130
Burbank, California, 91502

Respectfully submitted,

Dated: March 28, 2024          By: _____
Anthony Oliver, (SBN TBD)
1978 GA Highway 147
Reidsville, Georgia 30453
Telephone: (818) 642-2027

Attorneys for Plaintiff,
Anthony Oliver

- 10 -
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST BY THE BOOK ATTORNEY SERVICE, INC