

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anthony Oliver,<br>GDC ID: 1002060648,<br><br>                           Plaintiff,<br><br>v.<br><br>RIVER CITY PROCESS SERVICE, INC.<br>et al.,<br><br>                    Defendants. | Case No.: 23-cv-1739-DMS-KSC<br><br>**ORDER DENYING PLAINITFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND MOTIONS FOR DEFAULT JUDGMENT** |

Pending before the Court is *pro se* Plaintiff Anthony Oliver's motion for leave to file a second amended complaint and motions for default judgment against Defendants By the Book Attorney Service, Inc., and California Court Services, LLC. (ECF Nos. 58, 59, 60.) For the following reasons, the Court denies Plaintiff's motions.

## I. BACKGROUND

Plaintiff is currently incarcerated at Rogers State Prison in Reidsville, Georgia. Plaintiff brings this matter against sixteen e-file vendors listed on the San Diego County Superior Court's website alleging that Defendants prevented him from using his fee waiver to file pleadings electronically in San Diego County Superior Court.[1]  Plaintiff alleges a

---

[1] Plaintiff's complaint alleges he filed a pro se civil complaint in San Diego County Superior Court on September 8, 2019, "to seek paternity of his then 15 year old son. . . ."  The Court is unable to locate this complaint in San Diego County Superior Court's public records.

1

federal claim under 42 U.S.C. § 1983 and two state law claims under the Cal. Business and Protections Code § 17200 and negligence.  Plaintiff voluntarily dismissed twelve of the sixteen listed Defendants after they "changed their policies and procedures that now allows pro se litigants or litigants with a valid fee waiver to e-file their pleadings with a valid fee waiver order."  (Pl.'s Mot. for Leave to File a Second Amended Complaint, ("Pl.'s Mot.") ECF No. 58, at 3-4).  Thus, only four Defendants remain.  Of the remaining four, Plaintiff failed to serve two Defendants, Golden State Attorney Service, Inc. and Bosco Legal Services, LLC, with proper notice.  Accordingly, Plaintiff seeks default judgments against only Defendants By the Book Attorney Service Inc. and California Court Services, LLC. Plaintiff also seeks leave to file a Second Amended Complaint to add three additional e-file vendors listed on the San Diego County Superior Court's website as Defendants.  The Court takes judicial notice of the fact that Plaintiff has a nearly identical suit pending in the Eastern District of California alleging the same violations against four e-file vendors listed on the El Dorado County Superior Court's website.  *Anthony Oliver v. DDS Legal Support Systems*, No. 2:24-cv-0514-KJM-JDP (E.D. Cal. Feb. 20, 2024).[2]

Notably, Plaintiff bypassed the Court's mandatory screening process under the Prison Litigation Reform Act by paying the filing fee and failing to disclose his incarceration.  In addition, had Plaintiff attempted to obtain in forma pauperis status, his suit would have been dismissed under 28 U.S.C. § 1915(g) because he has pursued over three civil actions while incarcerated, all of which were dismissed on grounds that they were frivolous, malicious, or failure to state a claim upon relief which can be granted.  18 U.S.C. § 1915(g); *see Oliver v. SCRAM of California, Inc.*, 2021 WL 4244723 (S.D. Cal. Sep. 17, 2021).  Plaintiff also has been declared a vexatious litigant in the California state court system and multiple U.S. District Courts, including the Northern and Central Districts

---

[2] *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (holding that Rule 201 allows courts "to 'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'")

of California. *See Oliver v. EHM Productions, Inc.*, 2023 WL 6519755 at *2 (N.D. Cal. Sept. 15, 2023) (declaring Plaintiff a vexatious litigant after concluding that Plaintiff "has a long track record of filing numerous unsuccessful lawsuits in both state and federal court," and "[b]ased on his litigation history, there is no basis for believing that [Plaintiff] will cease filing frivolous suits going forward.")

## II. DISCUSSION

### A. Notice

Under Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff must provide service of summons and complaint upon a defendant 90 days after the filing of the complaint. Fed. R. Civ. P. 4(m). If a plaintiff fails to provide timely notice, a court "must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Plaintiff failed to serve the complaint upon Defendants Golden State Attorney Service, Inc. and Bosco Legal Services, LLC in accordance with Rule 4(m). Additionally, Plaintiff served Defendant California Court Services, LLC on January 8, 2024, (ECF No. 36), 112 days after Plaintiff filed his complaint on September 18, 2023, outside the 90-day period under Rule 4(m). Plaintiff failed to acknowledge his untimely service, let alone provide good cause. Accordingly, the Court **DISMISSES** Defendants California Court Services, LLC, Golden State Attorney Service, Inc., and Bosco Legal Services, LLC, without prejudice under Rule 4(m). Thus, the Court **DENIES** Plaintiff's motion for default judgment against Defendant California Court Services, LLC and addresses Plaintiff's remaining motions only as they pertain to the last remaining defendant, By the Book Attorney Service, Inc.

### B. Motion for Leave to File a Second Amended Complaint

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and "this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d

23-cv-01739-DMS-KSC

1074, 1079 (9th Cir. 1990). However, leave to amend "is not to be granted automatically." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). A court considers five factors in deciding whether to grant leave to amend: "[1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendment previously allowed, [4] undue prejudice to the opposing party by virtue of allowance of the amendment, [and] [5] futility of amendment." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).

Here, the Court denies leave to amend on grounds of futility because plaintiff "cannot state a plausible basis for relief." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011). Plaintiff pleads a federal claim under §1983 alleging that multiple e-file vendors violated his First Amendment right to access the courts by requiring Plaintiff to pay a filing fee to electronically file pleadings in San Diego County Superior Court. However, no such right exists. Plaintiff fails to cite any authority to support his contention that e-filing is a constitutional right, nor is the Court aware of any. "Rather, e-filing is a privilege which in some circumstances may be extended to self-represented parties." *Miller v. Sacramento City Unified School District*, 2021 WL 3539733 at *3 (E.D. Cal. Aug. 11, 2021). Although Plaintiff has a constitutional right to "access the courts," he does not have a constitutional right to file pleadings electronically. Additionally, even if such a right existed, the Court would deny Plaintiff's motion for leave because Plaintiff admits that fourteen of the sixteen originally listed Defendants "changed their policies and procedures" to allow Plaintiff to file pleadings electronically for no additional cost. (Pl.'s Mot. for Leave, at 3-4). Thus, Plaintiff acknowledges there are at least fourteen e-file vendors that will permit him to file his pleadings electronically at no additional cost. Plaintiff does not have a constitutional right to file pleadings electronically through one e-file vendor, let alone sixteen, or if granted leave to amend, nineteen. Because no amendment can cure this deficiency, the Court **DENIES** Plaintiff's motion for leave to

23-cv-01739-DMS-KSC

file a Second Amended Complaint.

**C. Motion for Default Judgment**

The Clerk of the Court is required to enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) allows for entry of default judgment by the court. However, "[a] plaintiff does not receive default judgment as a matter of right; rather, a court has discretion as to whether it should be granted." *United States v. Boyce*, 148 F. Supp. 2d. 1069, 1093 (S.D. Cal. 2001) (citations omitted).

In exercising that discretion, courts consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* (quoting *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

*i. Possibility of Prejudice to Plaintiff*

The first *Eitel* factor considers the possibility of prejudice to the plaintiff if a default judgment is not entered. *See Eitel*, 782 F.2d at 1471-72. Plaintiff contends Defendant By the Book Attorney Service, Inc. prohibited him from using his fee waiver to submit pleadings electronically. Defendant failed to appear or respond to Plaintiff's allegations. If a default judgment is not entered, Plaintiff will likely have no recourse against Defendant. *See Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1054 (N.D. Cal. 2010). Thus, the Court finds this factor weighs in favor of granting Plaintiff's motion for default judgment.

*ii. Merits of Plaintiff's Substantive Complaint and Sufficiency of the Complaint*

The second and third *Eitel* factors relate to the merits of Plaintiffs' substantive claim and the sufficiency of the complaint. *See id.* These factors "require that a plaintiff state a

claim on which it may recover." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (internal citations and quotation marks omitted). "Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles Cnty.*, 339 F. 3d 920, 925 (9th Cir. 2003). However, "those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't Navy,* 66 F.3d 193, 199 (9th Cir. 1995).

For the reasons discussed above, Plaintiff fails to allege any cognizable legal theory that could support liability against an e-file vendor as Plaintiff does not have a constitutional right under 42 U.S.C. § 1983 to file pleadings electronically. Thus, Plaintiff's FAC fails the second and third *Eitel* factors. "Entry of default judgment is not appropriate where the second and third factors weigh against plaintiff." *Nationstar Mortgage LLC v. Presley*, 2023 WL 121746 at \*3 (citing *Mnatsakanyan v. Goldsmith & Hull APC*, 2013 WL 10155707, \*10 (C.D. Cal. May 14, 2013) ("The fact that factors two and three weigh against the entry of default judgment is particularly significant, as courts often treat these as the most important factors.") These factors heavily weigh against granting Plaintiff's motion for default judgment.

*iii. Sum of Money at Stake*

The fourth *Eitel* factor requires the Court to "consider the amount of money at stake in relation to the seriousness of defendant's conduct." *Eitel*, 782 F.2d at 1471. "This requires that the court assess whether the recovery sought is proportional to the harm caused by the defendant's conduct." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921. (C.D. Cal. 2010). Here, Plaintiff seeks a judgment for restitution damages in the amount of $2,836.91 and an award of punitive damages in the amount of $2,500.00. Because Defendant did not engage in any illegal or harmful behavior, the Court declines to award damages. This factor weighs against granting Plaintiff's motion for default judgment.

//

23-cv-01739-DMS-KSC

*iv. Possibility of Dispute*

The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case. Because Plaintiff's claim is meritless, there is a high possibility of dispute as to any material facts. This factor weighs against granting Plaintiff's motion for default judgment.

*v. Excusable Neglect*

The fifth *Eitel* factor considers the possibility that Defendant's default resulted from excusable neglect. Plaintiff contends he properly served Defendant with notice. (ECF No. 9). Thus, accepting Plaintiff's allegations as true, as the Court is required to do, the Court finds this factor weighs in favor of granting Plaintiff's motion for default judgment. *See TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) ("Upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.")

*vi. Strong Policy Favoring Decisions on the Merits*

The sixth *Eitel* factor considers the strong policy favoring cases to be decided on the merits "whenever reasonably possible." *Eitel*, 782 F. 2d at 1472. Given this strong policy and the fact that the underlying claim lacks merit, this factor weighs against granting Plaintiff's motion for default judgment.

Ultimately, the *Eitel* factors weigh heavily against granting Plaintiff's motion for default judgment. Accordingly, the Court **DENIES** Plaintiff's motion for default judgment against Defendant By the Book, Attorney Services, Inc.

### III. CONCLUSION AND ORDER

For the reasons discussed, the Court **ORDERS** the following:

- Defendant **California Court Services, LLC**, is **DISMISSED** without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(m).
- Defendant **Golden State Attorney Service, Inc**., is **DISMISSED** without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(m).
- Defendant **Bosco Legal Services, LLC**, is **DISMISSED** without prejudice pursuant

23-cv-01739-DMS-KSC

to Rule 4(m) of Federal Rules of Civil Procedure.  Fed. R. Civ. P. 4(m).

- Plaintiff's motion for leave to file a second amended complaint is **DENIED**.
- Plaintiff's motion for default judgment against California Court Services, LLC is **DENIED.**
- Plaintiff's motion for default judgment against By the Book Attorney Service, Inc. is **DENIED.**

**IT IS SO ORDERED.**

Dated:  July 17, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court

23-cv-01739-DMS-KSC